UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUFER GROUP INTERNATIONAL,
LTD.,

                    Plaintiff,

         -v-

STANDARD FURNITURE MFG. CO.,
LLC, INTERNATIONAL FURNITURE
MARKETING LLC, TODD EVANS, AND
KERRY NICKERSON

                    Defendants.

19-CV-10885 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On November 25, 2019, Laufer Group International Ltd. ("Laufer") filed this breach of
contract action against Standard Furniture Manufacturing Co., LLC ("SFM"), International
Furniture Marketing LLC ("IFM"), Todd Evans, and Kerry Nickerson (collectively
"Defendants").  (Dkt. No. 1 ("Compl.").)  In response, Defendants filed a motion to dismiss
pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  (Dkt. No. 11.)  Laufer
opposes dismissal, and, in the alternative, seeks leave to amend his complaint.  (Dkt. No. 26 at
20.)  For the reasons that follow, Defendants' motion to dismiss is granted in part and denied in
part.

I.      **Background**

The following facts are drawn from the complaint and are presumed true for the purposes
of this motion.

### A.      The Parties

Plaintiff Laufer is a "non-vessel operating common carrier" that provides transportation services for international cargo shippers.  (Compl. ¶ 1.)  Laufer was incorporated and has its primary office in New York.  (Compl. ¶ 2.)

Defendants SFM and IFM are both Alabama limited liability companies that manufacture and sell home furniture.  (Compl. ¶¶ 3, 4.)  They are both headquartered in Alabama.  (*Id.*) Defendants Todd Evans and Kerry Nickerson are both Alabama residents.  (Compl. ¶¶ 5, 7.) Evans is alleged to be a former CEO and President of SFM during the time period when Laufer provided transportation services for SFM. (Compl. ¶ 5.)  And during the same time period, Nickerson is alleged to be a former CFO of SFM.  (Compl. ¶ 7.)

### B.      The Services Provided and the Bills of Lading

Laufer alleges that SFM hired it to import goods from Asia to the United States starting in late 2018 and ending in October 2019.  (Compl. ¶¶ 14, 18.)  Laufer issued bills of lading to SFM for the transportation services it provided.  (Compl. ¶ 15.)  The bills of lading "are the contracts of carriage for the transportation at issue."  (Compl. ¶ 49.)  IFM is identified as consignee on the majority of the bills of lading issued, while SFM is identified as such on the rest.  (Compl. ¶¶ 15, 16.)  Like most non-vessel operating common carriers, the services Laufer provides are governed by the bills of lading terms and conditions, set forth in its tariff.  (Compl. ¶ 19.)

Relevant here, the bills of lading terms and conditions "define 'Merchant' as including the 'Shipper, the Receiver, the Consignor, the Consignee, the Holder of the Bill of Lading and any person having a present or future interest in the Goods or any person acting on behalf of any of the above-mentioned persons.'"  (Compl. ¶ 20.)  Additionally, per the bills of lading terms and

conditions, "the Merchant is liable for all charges [that] aris[e] thereunder." (Compl. ¶ 21.) Further, they provide that the Merchant "and their principals are jointly and severally liable for payment of all freight and charges due to Laufer and will pay Laufer's collection and litigation costs including reasonable attorney's fees" (Compl. ¶ 22), and shall "indemnify Laufer for all claims, fines, penalties, damages, and other amounts which may be incurred or imposed by reason of their breach of the bill of lading requirements." (Compl. ¶ 23.)

> C.    **The Alleged Breach and the Aftermath**

Laufer alleges that SFM has not paid all of the invoices Laufer issued it even though Laufer performed the required services under the contracts at issue. (Compl. ¶¶ 27, 29.) As a result of the unpaid invoices, Laufer alleges that Defendants are jointly and severally liable to Laufer in the amount of $542,803.23, with interest at the rate of $871.12 per day, as detailed by the bills of lading terms and conditions. (Compl. ¶¶ 28, 32.) Despite Laufer's demands for payment, Defendants have refused to pay for the services at issue. (Compl. ¶ 30.)

Laufer thus brings suit against Defendants to recover damages as a result of Defendants' alleged breach of the bills of lading. (Compl. at 6–7.) Defendants move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11.) Laufer opposes the motion, and, in the alternative, requests leave to amend its complaint to cure any deficiencies. (Dkt. No. 26 at 20.)

## II.    Legal Standard

> A.    **Rule 12(b)(2) Motion**

"[T]he plaintiff bears the burden of establishing personal jurisdiction over the defendant." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quotation omitted). "Prior to

discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction." *Murray Engineering P.C. v. Remke*, 17-cv-6267, 2018 WL 3773991, at *3 (S.D.N.Y. Aug. 9, 2018) (internal quotations omitted) (quoting *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013)).  Thus, "[w]here as here, a district court in adjudicating a [Rule 12(b)(2)] motion . . . 'relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction.'" *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (quoting *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)).

Further, though a court must "construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor," *Porina*, 521 F.3d at 126, the plaintiff must still "make allegations establishing jurisdiction with some 'factual specificity' and cannot establish jurisdiction through conclusory assertions alone." *Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014) (quotation omitted).  And, "[w]hen a defendant provides affidavits to support a Rule 12(b)(2) motion, the plaintiff may not simply rest on the allegations of the complaint."  4 Charles Alan Wright et al., Federal Practice and Procedure § 1067.6 (4th ed. 2019).

### B.     Rule 12(b)(6) Motion

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint

are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation and footnote omitted).  In

assessing a Rule 12(b)(6) motion, "[c]ourt[s] must . . . 'draw . . . all inferences in the plaintiff's

favor." *Goonan v. Fed. Reserve Bank of N.Y.*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013)

(quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006)).

## III.   Discussion

The Court has subject matter jurisdiction over maritime claims under Article III, Section

2 of the United States Constitution and 28 U.S.C. § 1333(1).[1]

Further, this Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.

§ 1332, as Laufer pleads complete diversity and the amount in controversy exceeds $75,000.

The Court begins with Defendants' jurisdictional arguments and then, to the extent

necessary, addresses their merits arguments.

### A.   Personal Jurisdiction

#### 1.   Defendants SFM and IFM

Laufer argues that this Court has personal jurisdiction over Defendants SFM and IFM

because the terms and conditions of the bills of lading at issue contained a forum selection clause

providing as such.  (Compl. ¶ 12.)

Defendants SFM and IFM argue this Court does not have personal jurisdiction over them

because Laufer did not attach any actual bills of lading to its Complaint, but, instead, attached a

---

[1] This suit is entirely dependent on the terms and conditions of the bills of lading at issue. A "bill of lading" is the primary contractual document between a shipper and a carrier.  *Sea-Land Service, Inc. v. Amstar Corp.*, 690 F. Supp. 246, 249 (S.D.N.Y. 1988).  Because a bill of lading is a maritime contract, federal law governs its interpretation.  *See Norfolk S. Ry. Co. v. Kirby* 543 U.S. 14, 22–24 (2004).  Under federal law, "contracts of carriage of goods by sea must be construed like any other contracts: by their terms and consistent with the intent of the parties." *Id.* at 31.

generic, unsigned, unnamed, and unspecified bill of lading.  (Dkt. No. 27 at 5.)  Importantly,

SFM and IFM do not challenge the validity of the forum selection clause or argue that they

would not be bound by the terms and conditions of the actual bills of lading allegedly issued to

them by Laufer.  They merely argue that, because Laufer did not attach to his complaint the

actual bills of lading at issue naming them as parties, it has not adequately established that they

are parties to the bills of lading, let alone that they are bound by the forum selection clause

contained therein.  (Dkt. No 25-2 at 4–5; Dkt. No. 27 at 5.)

At this stage of the litigation, SFM's and IFM's argument are mistaken.  "Prior to

discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by

*pleading in good faith, legally sufficient allegations of jurisdiction.*"  *Murray Engineering P.C.*,

2018 WL 3773991, at *3 (emphasis added) (internal quotations omitted) (quoting *Dorchester*

*Fin. Sec., Inc.*, 722 F.3d at 84–85).  Laufer's allegation that SFM and IFM were parties to, and

bound by, the bills of lading and the forum selection clause contained in their terms and

conditions (Compl. ¶¶ 12, 16, 17), is surely a "legally sufficient allegation[] of jurisdiction" to

"defeat [SFM's and IFM's] motion" at this stage of the litigation.  *Id.; see also Blue Ocean Lines*

*v. Universal Process Equipment, Inc.*, 93-cv-1722, 1993 WL 403961, at *2 (S.D.N.Y. Oct. 7,

1993) ("Forum selections clauses are '*prima facie* valid' before federal district courts sitting in

admiralty jurisdiction." (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972))).  This

is only made more so by the fact that the Court must "resolv[e] all doubts in [Laufer's] favor"

when deciding a 12(b)(2) motion to dismiss for lack of personal jurisdiction.  *Porina*, 521 F.3d at

126.

Because Laufer has made a prima facie showing of personal jurisdiction over SFM and

IFM, their motion to dismiss for lack of personal jurisdiction is denied.

### 2.   Defendants Evans and Nickerson

Laufer contends that the Court has personal jurisdiction over Evans and Nickerson in their individual capacities because they are bound by the forum selection clause as principals of SFM during the relevant time period (Compl. ¶¶ 6, 8, 12), as detailed by the bills of lading terms and conditions holding principals jointly and severally liable for all unpaid charges.  (Compl. ¶ 22.)  Specifically, Laufer alleges that Evans is a principal because he was the CEO and President of SFM during the relevant time period (Compl. ¶¶ 5–6), and that Nickerson is a principal because she was the CFO of SFM during the relevant time period.  (Compl. ¶¶ 7–8).

Defendant Evans argues that he is not a principal because he is no longer employed by SFM, is not alleged to have had any control over SFM or any connection to the alleged shipments, is not alleged to have used SFM to act on his behalf, and never signed any agreement or contract with, or had even heard of, Laufer prior to this lawsuit.  (Dkt. No. 27 at 8.)  Further, in an affidavit, he states he was not the President of SFM, just the former CEO, from August 31, 2017 to November 1, 2019.  (Dkt. No. 25-3 at 23.)

Defendant Nickerson contends that she is not a principal because she was not employed at SFM during the time period at issue, late 2018 to October 2019.  (Dkt. No. 27 at 8; Compl. ¶ 18.)  Further, she argues that she cannot be a principal because she was not an officer, director, or shareholder of SFM during the relevant time period.  (Dkt. No. 27 at 8.)  In her affidavit, she states that her employment with SFM ended in June 2018, while she was serving as the Vice President of Human Resources.  (Dkt. 25-3 at 10.)

 "A basic principle of agency law is that an agency relationship exists only if the agent is acting on behalf of and subject to the control of the principal."  *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 329 (S.D.N.Y. 2009) (citing Restatement (Second) of Agency §§ 14–15

(1958)).  Generally, "principals to whom liability [has been] extended [are] officers, directors, or shareholders of the shipper."  *Id.* at 328; *see, e.g., Maersk Inc. v. Atcom Indus.*, 73 F. Supp. 2d 387, 391 (S.D.N.Y. 1999) (concluding that a company's "sole officer, director, and shareholder" is a principal under bills of lading terms and conditions); *see also Maersk Inc. v. Alan Mktg.*, 97-cv-3495, 1998 WL 167323, at *2 (S.D.N.Y. Aug. 10, 1998) (concluding that "it is undisputed that as the President of Alan Marketing, Klein is a principal" under the bills of lading terms and conditions); *Maersk Inc. v. Am. Midwest Commodities Export Cos.*, 94-cv-0475, 1998 WL 473945, at *4 (S.D.N.Y. Aug. 10, 1998) (same).

Though Evans makes a slew of arguments as to why he is not a principal of SFM, at this stage of the litigation, and with the above principles in mind, none of his arguments are compelling.  As stated, "officers, directors, [and] shareholders" are generally found to be principals, *Neewra, Inc.*, 687 F. Supp. 2d at 328, and Evans, as CEO of SFM during the relevant time period, falls squarely into this lot.  Further, Evans's arguments grounded in not having signed any contracts with Laufer are unavailing.  Courts in this District "have held that a forum selection clause in a bill of lading is binding on a defendant even if the defendant did not consent to its terms or sign it."  *Alan Mktg.*, 1998 WL 167323, at *2 (citing *Farrell Lines Inc. v. Columbus Cello–Poly Corp.*, 32 F. Supp. 2d 118 (S.D.N.Y. 1997).  "Even if [Evans] never saw the bill of lading, this would not absolve him from liability" as a principal of SFM.  *Id.*

Finally, and critically different from Nickerson, Evans does not state in his affidavit that he did not have "any responsibility at [SFM] for financial, operational, or accounting activities." (Dkt. No. 25-3 at 21.)  His silence on his responsibilities at SFM is telling, and he has thus failed to adequately rebut Laufer's allegations that he, as the CEO of SFM, was a principal during the relevant time period.  Accordingly, Laufer has made a prima facie showing of personal

jurisdiction over Evans by way of Evans being bound, as a principal of SFM, by the bills of lading forum selection clause.  Consequently, Evans's motion to dismiss for lack of personal jurisdiction is denied.

Nickerson, on the other hand, is clearly not a principal of SFM.  As stated in her affidavit, her employment with SFM ended before Laufer began to provide transportation services to it. (Dkt. 25-3 at 20).  Further, as VP of HR, she was not an officer or director of SFM, nor was she alleged to be a shareholder of SFM during the relevant time period.  *See Neewra, Inc.*, 687 F. Supp. 2d at 328; (Dkt. No. 25-3 at 21.)  And critically, she expressly avers in her affidavit that she did not have "any responsibility at [SFM] for financial, operational, or accounting activities." (Dkt. No. 25-3 at 21.)  Laufer has provided no counter-arguments or additional facts to address these assertions, but "simply rest on the allegations of [its] complaint."  4 Charles Alan Wright et al., Federal Practice and Procedure § 1067.6 (4th ed. 2019).  Accordingly, Laufer has failed to adequately allege that Nickerson was a principal of SFM and thus bound by the bills of lading forum selection clause.  Because Laufer has failed to make a prima facie showing that the Court has personal jurisdiction over Nickerson, Nickerson's motion to dismiss for lack of personal jurisdiction is granted.

## B. Breach of Contract

Defendants SFM's and IFM's argument for why Laufer has failed to state a breach of contract claim is similar to their personal jurisdiction argument:  Laufer has not provided the actual bills of lading at issue that name them as a party, but instead has attached only a generic, unsigned, unnamed, and unspecified bill of lading.  (Dkt. No 27 at 11.)  Defendants argue that Laufer's failure to attach the actual bills of lading at issue equates to Laufer having "failed to

allege the existence of any agreement or contract" between it and Defendants, and thus, Laufer failing to state a breach of contract claim.  (Dkt. No. 25-2 at 11.)  Not so.

The elements of a breach of contract claim are "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages."  *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011).  Critically here, "[a] plaintiff is not required to attach a copy of the contract or plead its term verbatim."  *Window Headquarters, Inc. v. Mai Basic Four, Inc.*, 91-cv-1816, 1993 WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993) (citing *Mayes v. Local 106, Int'l Union of Operating Engineers*, 739 F. Supp. 744, 748 (N.D.N.Y. 1990).  But "a complaint in a breach of contract action must set forth the terms of the agreement upon which liability is predicated."  *Id.* (citing *Mayes*, 739 F. Supp. at 748).  Further, "[c]ourts have generally recognized that relatively simple allegations will suffice to plead a breach of contract claim even post-*Twombly* and *Iqbal*."  *Murray Engineering P.C.*, 2018 WL 3773991, at *6 (quoting *OneWest Bank N.A. v. Lehman Bros. Holding Inc.*, 14-cv-8916, 2015 WL 1808947, at *4 (S.D.N.Y. Apr. 20, 2015).

Under these principles, Defendants' argument fails.  All Laufer was required to do in its complaint was plead the necessary elements of a breach of contract claim and "set forth the terms of the agreement upon which liability is predicated."  *Window Headquarters, Inc.*, 1993 WL 312899, at *3 (citing *Mayes*, 739 F. Supp. at 748).  Laufer has adequately done so by pleading that SFM retained it to transport goods; that it issued bills of lading to SFM, "which are the contracts of carriage for the transportation at issue"; that SFM and IFM were consignees on the shipments; that it fully performed its services under the contracts at issue; that Defendants have refused to pay for those services; and that, as a result of the Defendants' breach, they may be liable to Laufer.  (Compl. ¶¶ 29, 30, 31, 35, 36, 38, 39, 49.)

Consequently, Defendants' Rule 12(b)(6) motion to dismiss Laufer's breach of contract claim is denied.

### C.    Leave to Amend

Finally, in the event of dismissal, Laufer requests leave to amend "so that if necessary Laufer can amend its Complaint to attach exhibits reflecting that the Defendants executed credit agreements in which they expressly agreed to be bound by Laufer's bill of lading Terms and Conditions."  (Dkt. No. 26 at 20.)  "[L]eave to amend shall be freely given when justice so requires, [and] it is within the sound discretion of [a] district court to grant or deny leave to amend."  *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting Fed. R. Civ. Pro. 15(a)).  Because only the claim against Nickerson has been dismissed for lack of personal jurisdiction, the Court grants Laufer leave to amend on that issue only, that is, to establish that Nickerson "executed credit agreements" binding her to the bill of lading terms.

## IV.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  Plaintiff's request for leave to amend is GRANTED, provided that any amended complaint must be filed on or before September 4, 2020.  If Plaintiff chooses not to file an amended complaint, it shall so indicate in a letter; the remaining Defendants shall answer the complaint within 21 after the filing of such letter by Plaintiff.

The Clerk of Court is directed to close the motion at Docket Number 25.

SO ORDERED.

Dated:  August 14, 2020
        New York, New York

_____
        J. PAUL OETKEN
        United States District Judge